[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The four cases Hughes v. Arett Sales Corp., Docket No. 097106 ("Hughes"); Rivera v. Wells Fargo Alarm System, Docket No. 097840 ("Rivera"); Lodge v. Arett Sales Corp., Docket No. 098122 ("Lodge"); and Morotto v. Arett Sales Corp., Docket No. 100377 ("Morotto") arise from an accident that occurred while firemen Howard Hughes ("Hughes"), Heriberto Rivera ("Rivera"), Raymond Lodge ("Lodge"), and James Morotto, Jr. ("Morotto") were responding to a false fire alarm. The plaintiffs bring actions in negligence, wrongful death, and loss of consortium against CT Page 2403 the defendants Arett Sales Corporation ("Arett"), Wells Fargo Alarm Systems a/k/a Wells Fargo Alarm Services Division of Baker Protective Services, Inc. ("Wells Fargo"), and Advanced Automatic Sprinkler Protection, Inc. ("AASP"). The City of Waterbury is an intervening plaintiff in all four cases seeking reimbursement for workers' compensation benefits that it paid. The three defendants have moved for summary judgment in each of the four cases on the plaintiffs' complaints and the City of Waterbury's intervening complaints.
On August 2, 1990, the plaintiff Patricia Hughes filed a complaint against Arett, Wells Fargo and AASP in her capacity as administratrix of the estate of her husband Howard Hughes for negligence and wrongful death, and in her individual capacity for loss of consortium. On August 14, 1990, the plaintiff Maritza Rivera as administratrix of the estate of her husband Heriberto Rivera filed a complaint against Arett, Wells Fargo and AASP for negligence and wrongful death, and in her individual capacity for loss of consortium. On August 29, 1990, the plaintiffs raymond Lodge and Anne Lodge filed a complaint against Arett, Wells Fargo and AASP for negligence and loss of consortium. On January 16, 1992, the plaintiffs James A. Morotto, Jr. and Diane C. Morotto filed a complaint against Arett, Wells Fargo and AASP for negligence and loss of consortium.
The plaintiffs make the following allegations in their complaints: On May 10, 1990 at approximately 11:00 a.m., AASP was working on an alarm system at the Arett Sales Corporation facility at Thomaston Avenue, Waterbury, Connecticut when an alarm signal was transmitted to Wells Fargo's monitoring center. Wells Fargo contacted the Waterbury Fire Department. Hughes, Rivera, Lodge and Morotto were the firemen who responded to the alarm in fire engine number nine. As the fire engine was traveling down Highland Avenue in Waterbury towards the intersection with West Main Street, "[t]he engine's braking system failed" and the engine hit a curb at a high rate of speed became airborne and finally "crashed into a large tree." (Paragraph 11 of all counts of every plaintiff's complaint). As a result of the accident, Hughes and Rivera were killed, and Lodge and Morotto were injured.
The plaintiffs allege that Arett hired Wells Fargo to service, maintain, repair, and monitor the sprinkler and fire alarm system at Arett's Thomaston Avenue facility. The CT Page 2404 plaintiffs also allege that AASP was the agent of Wells Fargo and was hired "to install, repair or otherwise service certain pressure switches in the water sprinkler alarm system at Arett."
In their complaints, the plaintiffs allege inter alia that Arett was negligent for failing to ascertain whether the alarm system was functional, failing to have AASP or Wells Fargo check with Arett before calling the fire department when the signal was transmitted, failing to notify the fire department that the system was going to be worked on, causing a false alarm, and failing to cake reasonable preventative measures.
The plaintiffs allege that Wells Fargo was negligent for failing to test the alarm system to see if it was functional, failing to notify the fire department that the system was being worked on, failing to contact Arett to see if the signal was false before calling the fire department, causing a false alarm, failing to take reasonable measures to prevent a false alarm, and failing to instruct AASP to test the system.
The plaintiffs allege that AASP was negligent for failing to test the system to see if it was functional before working on it, failing to advise Arett that an alarm signal might be received, failing to notify the fire department that they were working on the system, causing a false alarm to be transmitted, failing to consult with Wells Fargo to prevent a false alarm, and failing to take reasonable precautions.
Arett filed answers and special defenses to the four complaints. In its special defense, Arett alleges that the firemen rode in fire engine number nine when they knew that the brakes were defective in violation of General Statutes 14-80h, and that the tires were not in safe operating condition in violation of General Statutes 14-98a. (Hughes, amended answer and special defenses, October 11, 1991, Hughes' reply, October 15, 1991. Rivera, answer and special defenses October 19, 1990; Rivera's reply, October 31, 1990. Lodge, amended answer and special defense, January 25, 1991, Lodge's reply, March 15, 1991. Morotto, answer, April 11, 1991, Morotto's reply, November 18, 1991.) In Rivera, Arett alleges a second special defense that the actions of Morotto who recklessly drove the engine knowing the brakes and tires were defective and the City of Waterbury, Morotto's employer, were supervening causes which relieve Arett from liability. In Morotto, Arett alleges a second special defense that Morotto was negligent in operating CT Page 2405 fire engine number nine when the brakes and tires were not in good working order and that Morotto violated General Statutes14-222 by driving in a reckless manner as he knew that he was operating a vehicle with defective brakes and tires.
Wells Fargo filed answers and special defenses to the four complaints. In its first special defense, Wells Fargo alleges that its actions were not the proximate cause of the accident. In its second special defense, Wells Fargo alleges that the firemen were negligent for knowingly riding in a defective fire engine and for failing to make a pre-shift inspection. (Hughes, answer and special defenses, March 7, 1991; Hughes' reply, October 15, 1991. Rivera, answer and special defenses, April 4, 1991; Rivera's reply, April 18, 1991. Lodge, answer and special defenses, March 28, 1991; Lodge's reply, April 3, 1991. Morotto, answer and special defenses, March 27, 1991; Morotto's reply, April 8, 1991.)
AASP filed answers and special defenses to the four complaints. AASP alleges as a special defense that the firemen were negligent for knowingly riding in a defective fire engine. (Hughes, answer and special defense, April 18, 1991; Hughes' reply, October 15, 1991. Rivera, answer and special defense, May 3, 1991. Lodge, answer and special defense, April 17, 1991; Lodge's reply, April 25, 1991. Morotto, answer and special defense, August 19, 1991, Morotto's reply, November 18, 1991.)
The City of Waterbury is an intervening plaintiff in all four cases. (Hughes, motion to intervene granted September, 21, 1993, Pellegrino, J., Rivera, motion to intervene, granted September 4, 1990, Gaffney, J., Lodge, motion to intervene granted, September 27, 1990, Demayo, J., Morotto, motion to intervene granted April 1, 1991, Sullivan, J.). in each case, the City of Waterbury filed a three count complaint against Arett, Wells Fargo and AASP claiming its entitlement to reimbursement for workers' compensation benefits paid to the firemen. On December 3, 1991, Arett filed an answer in all four cases. On August 23, 1991, AASP filed an answer in Hughes, Lodge, and Morotto. On March 13, 1992, Wells Fargo filed an answer and three special defenses in all four cases. In its first special defense, Wells Fargo alleges that its actions were not the proximate cause of the accident. In its second special defense, Wells Fargo alleges that the individual firemen were negligent. In its third special defense, Wells Fargo alleges that the City of Waterbury was negligent by furnishing dangerous CT Page 2406 equipment to its firemen.
On January 11, 1993, Arett filed a motion for summary judgment in all four cases as to the plaintiffs' complaints and the intervening plaintiff's complaints. (Hughes, #210; Rivera, #172; Lodge #184; Morotto #144) Arett filed also a supporting memorandum of law; several depositions that were not certified by the deponents; an affidavit of Joseph Sigler, the general manager of Arett's Thomaston Avenue facility; admissions of the City of Waterbury dated May 6, 1991; and the City of Waterbury's answers to interrogatories dated May 6, 1991.
On January 19, 1993, Wells Fargo filed a motion for summary judgment in all four cases on the plaintiffs' complaints and the intervening plaintiff's complaints. (Hughes, #211; Rivera, #173; Lodge, #185; Morotto, #146). in its motion, Wells Fargo adopts the supporting memorandum of law and documentation submitted by Arett and submits further its own memorandum of law.
On January 27, 1993, AASP filed a motion for summary judgment in all four cases on the plaintiffs' complaints and the intervening plaintiff's complaint. (Lodge, #186; Hughes, Rivera, and Morotto were not coded by the clerk's office.)
On April 5, 1993, Rivera, Lodge and Morotto filed their oppositions to the defendants' motions for summary judgment. (Rivera, #176 Lodge #188 Morotto, #147). On April 6, 1993, Hughes filed his objection to the defendants' motions for summary judgment. (Hughes, #212). Hughes filed a statement of facts, memorandum of law, numerous uncertified depositions, copies of the contracts between Wells Fargo and Arett, and repair slips pertaining to the alarm systems at Arett. Rivera submitted his memorandum of law and adopted the memoranda of law and supporting documentation that was submitted by all of the other plaintiffs. Lodge and Morotto each submit a memorandum of law and they both adopt the legal arguments and documentation submitted by Hughes.
On May 3, 1993, Arett filed a reply brief and an additional deposition excerpt. (Hughes, #217; Rivera, #180; Lodge, #193). On May 10, 1993, Wells Fargo filed a reply brief and an additional deposition excerpt, and it adopted the legal arguments set forth in Arett's reply brief (Hughes #218; Rivera, #181; Lodge, #194, Morotto, 151). On May 10, 1993, CT Page 2407 AASP filed a reply brief. (Hughes #219; Rivera, #182; Lodge, not coded; Morotto, #152).
The defendants make three arguments in their memoranda of law that support their motions for summary judgment: 1) that the defendants did not owe a duty of care to the plaintiffs; 2) that the actions of the defendants were not the proximate cause of the accident; and 3) that the failure of the brakes, Morotto's decision to drive a defective engine, the other firemen's decision to ride in a defective engine, and action of the City of Waterbury in allowing a defective engine to go on the road are supervening and intervening causes which relieve the defendants from liability.
The plaintiffs argue that there are material issues of fact in dispute. They argue that whether or not a duty exists is a question of the foreseeability of the general harm which occurred and that the issue of foreseeability is a question of fact. The plaintiffs produce evidence that prior false alarm signals had been transmitted from Arett. (Hughes, statement of facts 4/6/93, exhibits 19, 21, 23) Arett denies this on the ground that the plaintiff is confusing the burglar alarm system, the sprinkler system, and the new fire alarm system. (Arett's reply brief, 5/3/93). The plaintiffs argue further that it is within the scope of risk for a false alarm to result in an accident of an emergency vehicle because emergency vehicles may break traffic laws and go at a high rate of speed.
Summary judgment is appropriate when "`the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Scrapchansky v. Plainfield, 226 Conn. 446, 450, 627 A.2d 1329 (1993), quoting Practice Book 384. Summary judgment is "ill adapted to cases of a complex nature or to those involving important public issues, which often need the full exploration of a trial." United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364, 275, 260 A.2d 596 (1969). Furthermore, "`Issues of negligence ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner.'" (Citation omitted.) Fogarty v. Rashaw, 193 Conn. 442, 446, 476 A.2d 582
(1984).
All the defendants' motions for summary judgment are denied. CT Page 2408
SYLVESTER, J.